IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | *Filed in Open Court* |
| ) | *9-26-07 — Jee* |
| Plaintiff, ) | |
| v. ) | Criminal No. 07-20300-Ma |
| ) | |
| PROSTHETIC, ORTHOTIC & ) | |
| PEDORTHIC ASSOCIATES ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

**The full and complete plea is as follows:**

1. Come now the parties herein, the defendant, PROSTHETIC, ORTHOTIC & PEDORTHIC ASSOCIATES ("POPA" or "the Defendant"), being represented by counsel, Reid H. Weingarten and Brian M. Heberlig, and the United States, being represented by Cam Towers Jones, Assistant United States Attorney in the Western District of Tennessee, and enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. It being the intention of the parties that the Court may accept or reject this agreement, but may not modify the agreement. If the Court rejects the agreement either party may withdraw from the agreement.

2. POPA, an Arkansas corporation doing business exclusively in Tennessee, agrees to enter a voluntary plea of guilty to a one-count Criminal Information, which charges a false statement in a health care matter, in violation of 18 U.S.C. §§ 1035 and 2.

3. The Defendant and the United States agree that the relevant conduct in this case is approximately $8,000, the amount of claims covered by POPA's false statements in its response to Medicare probe audits.

4. The Defendant understands that United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence, along with the other factors set forth in 18 U.S.C. § 3553(a). The Defendant understands that although the Court is not bound to impose a sentence within the applicable advisory Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

5. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and the Defendant agree to recommend jointly that the Court impose an agreed-upon sentence, within the applicable Guidelines range, as follows:

>(a) POPA will pay the United States a single criminal fine of $10,000, payable in full before the fifteenth (15th) day after the date of judgment, and

>(b) POPA will pay restitution to the United States in the amount of $8,109.

This sentence is based, in part, on the fact that the United States does not oppose the Defendant receiving credit, pursuant to U.S.S.G. § 8C2.5(g)(2), for having fully cooperated in the investigation and clearly demonstrating recognition and affirmative acceptance of responsibility for its criminal conduct.

6. The Defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), which is due and payable to the United States District Court office immediately following the Defendant's sentencing.

7. The Defendant further agrees to waive its right to a pre-sentence investigation report under Fed. R. Crim. P. 32(c). The United States and the Defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the Defendant at the plea and sentencing hearings, will provide sufficient information regarding the

Defendant and the crime charged in this case to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and the Defendant agree to request jointly that the Court accept the Defendant's guilty plea and impose sentence on an expedited schedule, based upon the record provided by the Defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2).

8. The United States and the Defendant agree that if the Court does not accept the Plea Agreement with the agreed-upon sentence, this Plea Agreement will be null and void. If the Court does not accept the Plea Agreement with the agreed-upon sentence, the Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the Defendant withdraws its guilty plea, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or Plea Agreement, or made in the course of plea discussions with an attorney for the government, shall not be admissible against the Defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.

9. Both parties acknowledge that there is a civil component to this case. In addition, the Defendant is aware that the Department of Health and Human Services may invoke its exclusionary authority prohibiting the corporation from participation in any government contracts based partially on its entry of this plea to a felony.

10. The Defendant has cooperated with the United States in its investigation and has indicated, through its President, its desire to continue to do so. The parties have agreed that U.S.S.G. § 1B1.8 applies in this case, and that information disclosed by the Defendant and its cooperating officers and employees to the United States will not be used against the Defendant in determining the applicable guideline range.

11. The United States agrees that in return for this plea, it will not bring any additional criminal charges against POPA, its subsidiaries, affiliates (including David Yates & Associates and Jonesboro Prosthetics & Orthotics), and/or successors-in-interest ("Related Entities"), or any current officer or employee of the Defendant or its Related Entities, based on information currently known to the United States.

12. This agreement is limited to the United States Attorney's Office for the Western District of Tennessee and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement does not apply to any forfeiture proceedings, judicial, administrative, or otherwise, and shall not preclude any past, present, or future civil actions. Upon the Defendant's request, however, the United States will bring this agreement and any cooperation by the Defendant to the attention of other law enforcement agencies.

13. The Defendant understands that 18 U.S.Code § 3742 gives the corporation the right to appeal the sentence imposed by the Court. Acknowledging this, the corporation through its representatives, knowingly and voluntarily waives its right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is the agreed-upon, jointly recommended sentence above. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

14. POPA agrees that this Plea Agreement constitutes the entire agreement between the corporation and the United States and that no threats have been made to induce a plea of guilty. By signing this documents, representatives of POPA acknowledge that they have read

this agreement, discussed it with corporate counsel, understand it and enter into the agreement freely and voluntarily.

FOR THE UNITED STATES:

DAVID KUSTOFF
UNITED STATES ATTORNEY

*[signature]*   9-26-07
CAM TOWERS JONES           Date
Assistant United States Attorney
800 Federal Office Building
167 N. Main Street
Memphis, TN 38103

*[signature]*   6/22/2007
Representative of POPA,    Date
Defendant

*[signature]*   6/26/2007
REID H. WEINGARTEN         Date
BRIAN M. HEBERLIG
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

-5-